*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0712**

State of Minnesota,
Respondent,

vs.

Agustin Jaime Barron Aranjo,
Appellant.

**Filed December 29, 2014
Reversed and remanded
Ross, Judge**

Watonwan County District Court
File Nos. 83-CR-13-318
83-CR-13-576

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Stephen Lindee, Watonwan County Attorney, St. James, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Juvenile teenager Barron Aranjo twice pleaded guilty (in 2012 and 2013) to third-degree criminal sexual conduct after the state discovered that he had been in a sexual

relationship with a younger teenage girl. One year after his second guilty plea, Barron (then 19 years old) was found in a car with the same girl (then 16 years old). The district court revoked Barron's probation and executed his combined 70-month prison sentence. Barron appeals the probation revocation and resulting sentence execution, arguing that the district court did not make the necessary *Austin* findings on the record before revoking his probation. No transcript was made of the revocation hearing and the district court made no written findings. We reverse the revocation and remand for the district court to make the required findings.

## FACTS

In 2012, 17-year-old Barron Aranjo was in a sexual relationship with 14-year-old A.K.V. Police learned of this relationship in June 2012 while responding to a report of domestic assault. The victim of the alleged assault, A.K.V., told police that she and Barron had been in a relationship since November 2010 and had been having sex since February 2011. Based on this information, the Watonwan County prosecutor charged Barron with various crimes, including third-degree criminal sexual conduct.

Barron pleaded guilty to third-degree criminal sexual conduct in August 2012. Before accepting the plea, the district court designated Barron's case as extended juvenile jurisdiction (EJJ). Barron admitted that he had sexual intercourse with A.K.V., who was under 16 years old and more than 24 months younger than Barron. The district court accepted Barron's guilty plea, ordered a presentence investigation report, and set a sentencing hearing.

At the November 2012 sentencing hearing, the district court ordered EJJ probation until Barron reached age 21. It also imposed a 36-month presumptive adult prison sentence, which the court stayed pending successful completion of EJJ probation.

Barron did not successfully complete his probation. In June 2013, the Watonwan County prosecutor again charged Barron with third-degree criminal sexual conduct. The complaint alleged that Barron and A.K.V. had again engaged in sexual intercourse repeatedly after his probation began. Barron pleaded guilty to the new charge. The district court revoked Barron's EJJ probation. It imposed a 36-month sentence for the 2012 conviction and a 70-month sentence for the 2013 conviction, but it stayed execution of both sentences. The court ordered Barron to serve 180 days in jail and placed him on probation for 15 years, requiring that he not have contact with A.K.V., among other conditions.

Barron did not stay away from A.K.V. Police found the two together in a vehicle in January 2014. They arrested Barron and filed a probation violation report. Barron admitted to violating probation. The probation office recommended that Barron complete a polytrophic test, undergo sex-offender treatment, and serve 180 days on electronic home monitoring. The prosecutor urged instead that the district court execute the 70-month prison sentence for the 2013 conviction.

The district court conducted a revocation hearing. But an equipment malfunction resulted in there being no transcript of the hearing, and the district court did not include any written findings in the record. It did, however, revoke Barron's probation and execute both the 2012 and 2013 sentences, ordering them to run concurrently. In sum, it ordered

Barron to serve 70 months in prison with a lifetime of conditional release to follow. Barron appeals the district court's revocation decision and the execution of the 70-month sentence.

## D E C I S I O N

A district court has discretion to revoke probation if it finds that the defendant violated a condition of probation, the violation was intentional or inexcusable, and the need for confinement outweighs the policies favoring probation. *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980). The court must make these three findings "on the record before probation is revoked." *State v. Modtland*, 695 N.W.2d 602, 606 (Minn. 2005); *see also State v. B.Y.*, 659 N.W.2d 763, 768–69 (Minn. 2003) (holding that court must consider *Austin* factors in an EJJ revocation); Minn. R. Crim. P. 27.04, subd. 3(3) ("A verbatim record must be made of the probation revocation hearing."). In articulating their findings, "courts must seek to convey their substantive reasons for revocation and the evidence relied upon." *Modtland*, 695 N.W.2d at 608.

Barron argues that his case should be remanded because the district court did not make an adequate record of the *Austin* findings before revoking his probation. Whether the district court made these findings is a question of law reviewed de novo, which we answer based on the record. *Id*. at 605. In the alternative, Barron contends that the revocation should be reversed because the third *Austin* factor is not fulfilled—that is, the need for his 70-month confinement does not outweigh the policies favoring probation. We will not reverse a district court's probation revocation decision unless the court abused its discretion. *Austin*, 295 N.W.2d at 249–50.

We cannot address Barron's argument that the 70-month incarceration was inappropriate. Because no transcript of the January 28 hearing exists and the district court did not record an order making or describing its findings, we cannot assess whether the district court adequately articulated and substantiated the three *Austin* findings before revoking Barron's probation.

We therefore reverse Barron's probation revocation and remand the case to the district court to make a sufficient record of the findings it made prior to its decision or conduct a new hearing. We do not reach the question of whether the district court abused its discretion when it presumably determined that the *Austin* factors were all satisfied. We remand solely because the district court did not make an adequate record of its findings before revoking Barron's probation.

**Reversed and remanded.**